IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BLAINE NELTNER, JR., #1689 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:16-cv-0035 |
| | ) |
| CHRISTOPHER VARNDEN et al., | )    Chief Judge Sharp |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Blaine Neltner, Jr., a pretrial detainee confined at the Hickman County Jail in Centerville, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Sargeant Christopher Varden, Captain Barry McNabb and the Hickman County Jail. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

Plaintiff raises three claims for relief. In his first claim, Plaintiff alleges that he purchased four rolls of toilet paper from the jail commissary and kept them in his cell. On January 4, 2016, defendant Varden entered plaintiff's cell and took two of his rolls of toilet paper, claiming that plaintiff was not allowed to have more than two rolls in his cell. Plaintiff alleges that his toilet paper was then re-sold to other inmates. Plaintiff wrote to defendant McNabb complaining that defendant Varden should not have taken his toilet paper and re-sold it, and complaining that other hygiene items he purchased were confiscated and re-sold.

In his second claim, Plaintiff alleges that as a result of a liver transplant he received when he was an infant, he must have his blood tested on a monthly basis. Since his arrest in August, 2015, plaintiff has gone to the jail nurse for his blood test every month. Apparently, taking blood from plaintiff is difficult. As a result, plaintiff must often see the nurse several times a month before his blood is successfully obtained. Plaintiff complains that he each time he visits the nurse for a blood draw he is charged $10. Plaintiff complained to defendant McNabb about the charges he incurred for failed blood draws, but his complaint was ignored.

In his third and final claim, plaintiff states that his aunt works at the jail. Every day when his aunt is at work, plaintiff is forced to move himself and his belongings to an isolated area so that he cannot have any contact with his aunt. Plaintiff complains that having to move every day is inconvenient. Additionally, Plaintiff states that he is in jail based on charges that he made bomb threats at two local schools attended by the children of jail employees. Plaintiff complains that because of the nature of the charges against him, jail staff are treating him unfairly

As damages plaintiff seeks a refund of the fees he paid for two rolls of toilet paper and a refund of the charges he has incurred for failed blood draws. Additionally, plaintiff seeks declaratory relief and a transfer to a different facility.

2

**III.     Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

    A.  Hickman County Jail

Plaintiff sues the Hickman County Jail. The Court notes that the Hickman County Jail is a building facility operated by the Hickman County Sheriff's Department, which is, in turn, a division of Hickman County. The jail is not a "person" or a suable entity under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Moreover, to the extent plaintiff's claims against the Hickman County Jail might be liberally construed to be asserted against Hickman County, such claims would be redundant of the official-capacity claims asserted against defendants Varden and McNabb. Accordingly, the Court finds that the claims against the Hickman County Jail are subject to dismissal under the PLRA for failure to state a claim for which relief may be granted.

    B.  Defendant McNabb

Plaintiff fails to make specific factual allegations against defendant McNabb, other than his claim that defendant McNabb failed to conduct an investigation in response to his complaints. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed

3

constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; Greene, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Plaintiff has failed to allege that defendant McNabb engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against defendant McNabb.

### C. Defendant Varden

To the extent plaintiff claims that defendant Varden violated his Fourth Amendment rights by seizing two rolls of toilet papers from his cell, his claim is meritless. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984), (holding that prisoners do not have legitimate expectations of privacy in their cells giving rise to a Fourth Amendment claim against unreasonable searches and seizures.)

To the extent plaintiff claims that defendant Varden violated his right to due process by seizing his toilet paper, his claim is likewise meritless. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state or municipal employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson*, 468 U.S. at 530-36. Because Plaintiff's claim is premised upon allegedly unauthorized acts of a municipal official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state post-deprivation remedies are inadequate.  Moreover, the Sixth Circuit has previously held that Tennessee provides adequate post-deprivation remedies for the loss of personal property.  *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir.1985) (concluding that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted.")  Plaintiff does not allege, nor can it be liberally construed from the pleadings, that he sought to exercise his post-deprivation remedies, but that those remedies were inadequate.  Accordingly, plaintiff fails to state a claim against defendant Varden.

**IV.    Conclusion**

For the reasons set forth herein, plaintiff's complaint must be dismissed with prejudice.  An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court