IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BLAINE NELTNER, JR., #1689, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-0035 |
| | ) | |
| CHRISTOPHER VARDEN et al., | ) | Chief Judge Sharp |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Blaine Neltner is a pretrial detainee confined at the Hickman County Jail in Centerville, Tennessee. Presently before the Court is plaintiff's application to proceed *in forma pauperis* (ECF No. 7.) In addition, his complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

   A.   **Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, his application to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**.[1]

However, under § 1915(b), plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

   (1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the

---

[1] The Court has reviewed the June 6, 2016 letter plaintiff submitted along with his application to proceed *in forma pauperis*. In his letter, plaintiff explains that although jail personnel notarized his application to proceed *in forma pauperis*, they refused to give him a copy of this inmate trust-fund account statement. Nevertheless, based on the information plaintiff provided in his *in forma pauperis* application, it appears that he has insufficient funds to pay the full filing fee in advance.

plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Administrator of the Hickman County Jail to ensure that the custodian of the plaintiff's inmate trust-fund account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the Court immediately, in writing, of his change of address.

**B.     Dismissal of the Complaint**

For purposes of the initial review required by the PLRA and for the reasons set forth in the accompanying memorandum opinion, the Court finds that the complaint fails to state a claim for which relief may be granted. The complaint is therefore **DISMISSED**.

It is so **ORDERED**.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

Kevin H. Sharp
Chief Judge
United States District Court